## MONTANA CANNABIS INDUSTRY ASSOCIATION, MARC MATTHEWS, SHELLY YEAGER, JESSE RUMBLE, JOHN STOWERS, M.D., POINT HATFIELD, and CHARLIE HAMP,
### Plaintiffs, Appellees and Cross-Appellants,
### v.
## STATE OF MONTANA,
### Defendant, Appellant and Cross-Appellee.

Ordered April 25, 2016.

### ORDER ON PETITION FOR REHEARING AND MOTION TO STAY

Plaintiffs Montana Cannabis Industry Association, et al., seek rehearing of this Court's February 25, 2016, Opinion upholding most provisions of the 2011 Montana Marijuana Act, §§ 50-46-301 to -344, MCA. In particular, Plaintiffs ask this Court to reconsider and reverse its ruling that the three-person limit on the number of medical marijuana patients a provider may serve passes constitutional muster under a rational basis test. *Mont. Cannabis Ind. Assoc. v. State of Montana*, 2016 MT 44, ¶¶ 50, 83 (*MCIA II*). In addition, Plaintiffs request the Court to delay the effective date of its Opinion in order to provide a transition period and to give the Legislature an opportunity to consider modifications to the Act. The State opposes rehearing and offers that the same 49-day transition period the 2011 Legislature provided in the Act would be an appropriate transition period for the effective date of the Court's Opinion. S.B. 423 § 35, 62d Leg. Reg. Sess. (Mont. 2011).

This Court will consider a petition for rehearing only on the following grounds: "(i) [t]hat it overlooked some fact material to the decision; (ii) [t]hat it overlooked a question presented by counsel that would have proven decisive to the case; or (iii) [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a). We conclude that Plaintiffs are not entitled to rehearing on the three-patient limit, § 50-46-308(3), MCA. Although Plaintiffs argue that the Court's Opinion "overlooks the larger picture and effects an irrational result," they primarily reargue matters contained in their briefs on appeal that the Court

thoroughly considered in reaching its decision. Plaintiffs' arguments do not meet the standards for granting rehearing under the Rule.

They present a different question in the alternative relief they seek in their petition. Plaintiffs request that the second question they raise should be treated as a petition to stay the remittitur. Plaintiffs ask the Court to delay the effective date of the Opinion until the conclusion of the next legislative session. They include with their Petition an affidavit from Roy Kemp, Interim Administrator of the Quality Assurance Division of the Montana Department of Public Health and Human Services, discussing the status of the Department's administration of the medical marijuana program, the number of patients and providers in the Montana Marijuana Registry, and the complexity of the regulatory adjustments that the Department will have to undertake in the aftermath of the Court's decision. Kemp states that it will take at least four months for DPHHS to implement the required regulatory changes associated with this Court's decision.

It is rare, but not unprecedented, that this Court will delay the effective date of its decision. We have done so only when we conclude that the Court's ruling will cause serious disruption or a void in the law. In *Helena Elementary Sch. Dist. No. 1 v. State of Montana* , 236 Mont. 44, 784 P.2d 412 (1990), we held that our February 1, 1989, opinion declaring unconstitutional the state's system of funding public education would not take effect "until July 1, 1991, and on that date the holdings of this Opinion shall become fully in effect for all purposes." *Helena Elem. Sch. Dist. No. 1*, 236 Mont. at 59, 784 P.2d at 413 (Supplemental Opinion). We concluded "that the Court possesses the equitable power to postpone the effect of its opinion *to allow the legislature and the governor's office time to implement a satisfactory system of school funding in this State.*" *Helena Elem. Sch. Dist. No. 1*, 236 Mont. at 60-61, 784 P.2d at 413 (emphasis added). We declined to retain jurisdiction because legislative changes would require new and different proof and could be addressed, if necessary, "in a new and separate court action." *Helena Elem. Sch. Dist. No. 1*, 236 Mont. at 60-61, 784 P.2d at 413.

In *Lee v. State of Montana*, 195 Mont. 1, 635 P.2d 1282 (1981), we held invalid a statute requiring the attorney general to declare by proclamation a statewide speed limit whenever required by federal law as a condition to receiving federal highway funds. Given the "grave damage to the economy" if federal funds were to be discontinued because of the Court's decision, we determined that the law should remain in effect until such time as "the legislature may enact and the governor approve maximum speed limit legislation comporting with

the federal requirements and complying with our state constitution."
*Lee*, 195 Mont. at 11, 635 P.2d at 1287.

As the State points out, there is one important distinction between these previous decisions and the instant case. Here, we have, with one exception, *upheld* the Legislature's actions; we have not invalidated the Act and our decision does not require further action by the Legislature. We are cognizant, however, that immediate implementation of the Court's Opinion will cause serious disruption in a program that is regulated by the State and has been operating for a considerable period of time. This case is unique because, while the legislative restrictions have been on the books for nearly five years, the medical marijuana business has been developing—first under the 2004 Medical Marijuana Act and then under the District Court's injunctions—for over a decade, and there are now more than 13,500 Montanans receiving marijuana for medical purposes. The transition period provided by the 2011 Legislature has long since passed, and the events of the previous years have built public reliance on the regulatory system in place that has allowed limited access to medical marijuana for qualified individuals.

Plaintiffs submitted extensive evidence during the District Court proceedings of the impacts that the Act will have on individuals with debilitating medical conditions. We concluded, properly, that such evidence was not relevant to the consideration whether the Legislature had acted within the limits of its constitutional authority in enacting the challenged restrictions. That ruling stands. The evidence is, however, relevant to the consideration whether to delay the effective date of the Court's Opinion in order to provide some transition period for the Executive Branch and members of the public to come into compliance with the law. The District Court found from the evidence in the record, based primarily on the testimony of State agency representatives, that in light of other provisions in the 2011 Act, there was no evidence that concerns motivating the Act's passage remained—including "marijuana caravans, abuse of the law by young and otherwise healthy individuals, crimes connected to grow operations, storefronts and improper advertising, [and] growth of the commercial marijuana industry." On the other hand, the District Court cited evidence of severely debilitated individuals who are physically unable to grow marijuana for their own medical use, and of individuals who live in federally subsidized housing, which would prohibit them from attempting to grow marijuana for their own use.

These facts tend to show that, due to the long delay in implementation of the Act, many Montanans may experience hardship, or be exposed to the potential for criminal liability, if the Court's

decision takes effect immediately. In addition, regulatory changes have occurred that will have to be substantially altered in order for the Act to be implemented consistent with the Court's Opinion.

We stated in *Lee*, "We have the power as an appellate court to order the effect of our decision to be retrospective or prospective, and in effect, to postpone the effective date of our decision. Such action is in order here." *Lee*, 195 Mont. at 10-11, 635 P.2d at 1287. Under the unique circumstances of this case, we conclude that similar action is warranted here. We deny the Plaintiffs' request, however, to postpone the decision until the next Legislature meets; to do so would interfere with the implementation of what we have held to be a valid Act. Suspending a law that we have held to be constitutional until the Legislature revisits it would insert the judiciary into the legislative process and would violate the separation of powers.

IT IS THEREFORE ORDERED that the effective date of the Court's decision and judgment in *MCIA II* is POSTPONED to August 31, 2016. On that date, the holdings of this Court's Opinion shall become fully in effect for all purposes. We decline to retain jurisdiction in this matter, but hereby AMEND our February 25, 2016 Opinion with this Order.

IT IS FURTHER ORDERED that, in all other respects, the Petition for Rehearing is DENIED.

The Clerk of this Court is hereby directed to issue remittitur and to give immediate notice of this Order to all counsel of record and to the Director of the Department of Public Health and Human Services.

Dated this 25th day of April, 2016.

/S/ MIKE McGRATH

/S/ BETH BAKER

/S/ JAMES JEREMIAH SHEA

/S/ ROBERT G. OLSON, sitting for JUSTICE PATRICIA COTTER

JUSTICE RICE, concurring.

I concur with the Court's denial of the Petition for Rehearing and in postponement of the effective date of our decision until August 31, 2016. My concurrence with the postponement is not based upon the impact of the decision upon medical marijuana users or providers, because, first, the legislature's intent in this regard has been evident for five years, and, second, I believe amelioration of the impact of legislation that has been declared constitutional is an inappropriate consideration for the judiciary under constitutional separation of powers. Rather, this is a matter for the legislative and executive branches. We postponed the effective dates of our decision in *Helena*

*Elementary* and *Lee* but, as the Court notes, the legislation at issue in those cases had been struck down and further legal processes remained to be completed—by the legislature, in response to the Court's striking down of the legislation; by the executive, in implementing new legislation; and by the judiciary, which retained jurisdiction to oversee the legislature's response. In reality, the substance of our decisions in those cases immediately changed the law of the State and required corrective action, but we gave time for the other branches to take that responsive action.

While the decision in this case substantially upholds the legislation, our precedent also indicates that we considered the legitimate need of the executive branch to prepare for implementation of legislation. *See Helena Elementary Sch. Dist. No. 1 v. State*, 236 Mont. 44, 784 P.2d 412, 413 (Supplemental Opinion) ("the Court possesses the equitable power to postpone the effect of its opinion to allow the legislature and *the governor's office time to implement* a satisfactory system of school funding in this State."). Here, the State suggests a 49-day transition period, while the implementing agency has also submitted an affidavit averring it cannot be prepared for four months. Given the magnitude of the task of implementation upon the executive branch moving forward, I believe a four month transition period is appropriate and is constitutionally grounded.

JUSTICE WHEAT, dissenting.

For the reasons stated in my dissenting opinion, I would grant the petition for rehearing. In the absence of a majority vote to grant rehearing, I would delay the effective date of the Court's Opinion until the conclusion of the 2017 legislative session as requested by the Plaintiffs.

JUSTICE MCKINNON, concurring in part and dissenting in part.

I concur with the Court's denial of the Petition for Rehearing, but dissent from the granting of a stay of the judgment.

My decision is made as a jurist, charged not only with the obligation of respecting the separation of powers between the executive, legislative, and judicial branches of government, but also as a member of the branch of government which ultimately must determine whether there has been a transgression of this fundamental and salutary principle. *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). My individual view as a Montana citizen, regarding the use of medical marijuana for the treatment of a severely debilitating medical condition, has no place in our constitutional system of government when I function exclusively within the sphere of

the judicial branch. Under the circumstances here, we have no constitutional authority to further enjoin or otherwise prohibit the enforcement of the Act once we have concluded that the Act is constitutional. The Court's stay is in direct conflict with the Legislature's determination regarding the appropriate time for transition and enjoins a legislative measure which we simultaneously determine to be constitutional.

A valid and constitutional statute is entitled to judicial recognition. Such recognition may not be withheld or abridged because this Court is of the opinion that a delay in implementation of the statute is necessary and wiser policy. Further, it is of no distinction whether the delay we choose to impose is merely one day, four months, or eighteen months. The Court would be well-reminded that:

> Judicial power as contra-distinguished from the power of the law has no existence. Judicial power is exercised by means of courts which are the mere creations and instruments of *the law*, and independent of the *law* the courts have no existence. *The law* precedes the courts. *The law* governs the courts. Thus it is the function of the courts to expound and administer law in those causes properly brought before them in course of legal procedure. Judicial power is never exercised for the purpose of giving effect to the will of the judge [or justices]. It is always exercised for the purpose of giving effect to the will of the people as that will is expressed in *the law*.

*State ex rel. Perry v. District Court*, 145 Mont. 287, 298, 400 P.2d 648, 653 (1965) (quoting *State ex rel. Bennett v. Bonner, Governor*, 123 Mont. 414, 214 P.2d 747 (1950)) (emphasis in original).

In considering Plaintiffs' Petition for Rehearing, we have considered an affidavit from Roy Kemp, a witness for Plaintiffs in the trial court proceedings and an interim administrator for a state agency. Mr. Kemp is not the authorized representative of the executive branch's position regarding the stay; the Attorney General's Office is.[3] On behalf of the executive branch, the State and Governor—as represented by the Attorney General's Office—has objected to any stay

---

[3] The attorney general is the legal officer of the state and shall have the duties and powers provided by law." Mont. Const. art. VI, § 4.

beyond that authorized by the Legislature in the Act.[4] Our willingness to consider this extra-record affidavit in the first instance and, secondly, attribute to it the status of state representative is not based on any law, constitutional authorization, or recognizable legal procedure. It is merely a vehicle upon which the Court may effectuate what it believes to be a wise policy. The Court's decision is not authorized by M. R. App. P. 20, and we have failed to indicate pursuant to what procedure or authority we are functioning when we stay a constitutional statute by postponing for four months the date of our decision.

Although the Court relies upon *Helena Elementary* and *Lee*, such reliance is a distortion and misplaced. None of the circumstances that the Court cited in *Helena Elementary* and *Lee* as providing a basis to postpone the effective date of the decision are present here: no further action by the Legislature is required, as the Act has been substantially upheld, and no further action by the Judiciary is required, as nothing remains to either rule upon or to retain for review. The only remaining action is enforcement of the Act by the executive. No legal action related to the validity of the Act remains to be taken by any branch of government; as a matter of law, the case is over.

Finding the Act constitutional, but nevertheless postponing the effective date of our decision in order to effectuate a stay and implement what we believe to be a wise policy, undermines the fundamental principle of co-ordinate branches of government, not to mention is inventive, unprecedented, and less than straight forward. This is particularly so when the Legislature has considered and adopted a transition period and the executive branch has chosen to enforce its provisions. Indeed, it is our responsibility as the highest court of this State to protect against an encroachment of power between the three branches of government, let alone commit such a transgression ourselves. Although we as individuals may feel passionately otherwise, we must be reluctant to create or annul by judicial sentence what the Legislature has appropriately decided and that which the executive has appropriately chosen to enforce.

I would deny the petition and request for a stay.

---

[4] The Montana Department of Health and Human Services, Quality Assurance Division of which Roy Kemp is Interim Administrator is as department under the supervision of the executive. Mont. Const. art. VI, § 8.